Ron STROLBERG; Charles Hawkins; Pierre G. Chiabaudo; James Sheridan; Floyd C. Voeltz; Walter E. Lamb; John Bianchi; Alberto Garcia; William Gray, III; Isiah Williams, Plaintiffs–Appellants,

v.

AKAL SECURITY, INC., a New Mexico Corporation; US Marshals Service, an agency of the United States of America; United States of America; MVM, Inc., A Virginia Corporation; U.S. Department of Justice, an agency of the United States of America; Government Security Services Corporation, a Wisconsin Corporation; Pinkerton Service Corporation, an Illinois Corporation; U.I.I.S. Security Company, a Corporation; Wakenhut Services, Inc.; Knight Security, a Corporation; Kenneth W. Dam, Secretary of the Treasury, Defendants–Appellees.

No. 05–35154.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 16, 2006.

Filed Dec. 11, 2006.

Christopher F. Huntley, Esq., Huntley Park Uncommon Law, Boise, ID, for Plaintiffs–Appellants.

Jamie Kitces, Jackson Lewis, Atlanta, GA, Eric Fleisig–Greene, U.S. Department of Justice, Civil Division/Appellate Staff, Esq., John R. Griffiths, Esq., U.S. Department of Justice, Civil Division, Washington, DC, for Defendants–Appellees.

Before: GOODWIN, FISHER, and SMITH, Circuit Judges.

MEMORANDUM *

1. The district court erred in denying appellants' motion to amend. Although we review the district court's refusal to grant leave to amend under Federal Rule of Civil Procedure 15 for abuse of discretion, we review *de novo* the underlying legal conclusion of whether a particular amendment to the complaint would be futile. *Griggs v. Pace Am. Group, Inc.,* 170 F.3d 877, 879 (9th Cir.1999); *Steckman v. Hart Brewing, Inc.,* 143 F.3d 1293, 1296 (9th Cir.1998). Appellants' operative complaint below alleged that they had been denied the type of pre- or post-termination processes to which they were entitled, and that the government had "either intentionally or mistakenly" misinterpreted their medical exam results. These facts are distinct

---

from the allegedly discriminatory termination underlying appellants' Rehabilitation Act claims, and would support a due process claim, independent of appellants' discrimination claims. *Cf. Nolan v. Cleland,* 686 F.2d 806, 814–15 (9th Cir.1982). Accordingly, that portion of the district court's order denying appellants' motion for leave to amend due to futility is reversed.

2. The district court did not err by granting summary judgment to the government on appellants' discrimination claims. Viewing the evidence in the light most favorable to appellants, they simply did not raise a triable issue of whether the Marshals Service regarded them as substantially limited in the major life activity of working. *See Sutton v. United Air Lines, Inc.,* 527 U.S. 471, 490–91, 119 S.Ct. 2139, 144 L.Ed.2d 450 (1999). That portion of the district court's order granting summary judgment to the government on appellants' Rehabilitation Act claims is therefore affirmed.

**AFFIRMED in part, REVERSED in part, REMANDED. Neither party to recover costs.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.